

NORTHERN DISTRICT OF TEXAS
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

Signed July 21, 2005
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MAEDC MESA RIDGE, LLC, d/b/a | § | Case No. 05-31961 HDH-7 |
| MESA RIDGE APARTMENTS | § | |
| | § | |
| Alleged Debtor | § | |

## MEMORANDUM OPINION ON MOTION FOR SUMMARY JUDGMENT

Came before the Court for hearing, the Motion For Summary Judgment ("Motion"), filed by MAEDC-Mesa Ridge, LLC ("Mesa Ridge"). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. The matter is core, pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). This Memorandum Opinion constitutes findings of fact and conclusions of law, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

The Motion is brought in regards to an Involuntary Bankruptcy Petition under 11 U.S.C. § 303(a) brought by the Rasa Group, Maxwell Painting Company, Quick Carpet Care and Central

Systems Company ("Petitioning Creditors") against Mesa Ridge. At the hearing, the Court took the Motion under advisement. After consideration, the Court finds that the Motion should be granted.

*Summary Judgment Standard*

Under Federal Rule of Civil Procedure 56(c), made applicable by Federal Rule of Bankruptcy Procedure 7056, summary judgment may be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law because no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The court must draw inferences in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. However, the respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**I.     FACTS**

The Alleged Debtor has presented the following undisputed summary judgment facts, some of which the parties have stipulated to in a joint stipulation submitted in connection with the Alleged Debtor's prior Motion to Dismiss. Mesa Ridge is "a Community Housing Development Organization ("CHDO") created for the purpose of owning and operating multifamily rental housing property occupied primarily by persons and families of very low-, low-, and moderate income." *See* MAEDC Exhibit B. Mesa Ridge's sole member is Maple Economic Development

Corporation of Dallas ("MAEDC") which is a non-profit corporation "organized exclusively for charitable, religious, educational and scientific purposes, including for such purposes ... [as] fostering of low-income housing." *See* MAEDC Exhibit C. Mesa Ridge is chartered as a Texas Non-Profit Corporation pursuant to Article 1396-1.01 et. Seq., Texas Revised Civil Statutes and has tax exempt status under the Internal Revenue Code as a § 501(c)(3) charitable organization. Mesa Ridge owns and operates a sole 220 unit apartment complex, known as Mesa Ridge Apartments, which was established to prevent neighborhood deterioration through establishing housing and related activities.

Other that its non-profit status, but consistent with its charter and its tax-exempt status, the Mesa Ridge Apartments are operated much like any other apartment complex. Mesa Ridge employs a property management company which collects rent from tenants, employs management personnel and engages outside contractors to provide materials and services for the operation of the Mesa Ridge Apartments. The Petitioning Creditors are outside contractors, who provided flooring installation, carpet cleaning, HVAC services and painting service for Mesa Ridge Apartments.

**II.    ISSUE**

This case presents an issue which has received little, if any, attention in the Fifth Circuit: Whether a non-profit charitable organization that participates in commercial activity is, by such participation, considered a "moneyed, business, or commercial corporation" within the meaning of 11 U.S.C. § 303(a).

### III. ANALYSIS

*Nature and Character*

The first step in determining if a corporation is a "moneyed, business, or commercial corporation" is to consider the nature and character of the corporation. 11 U.S.C. § 303(a); *In re Grace Christian Ministries, Inc.*, 287 B.R. 352, 355 (W.D.P.A. 2002) (citing *e.g.*, *In re Union Guarantee and Mortgage Co.*, 75 F.2d 984, 985 (2d Cir. 1935), *cert denied*, 296 U.S. 594, 56 S.Ct. 142, 80 L.Ed. 421 (1935); *Clemons v. Liberty Sav. & Real Estate Corp.*, 61 F.2d 448, 450 (5th Cir. 1932); *Gamble v. Daniel,* 39 F.2d 447, 450 (8th Cir.), *cert. denied*, 282 U.S. 848, 51 S. Ct. 27, 75 L.Ed. 752 (1930); and *In re Nat'l Mortgage Corp.*, 17 F.Supp. 54, 55 (D.N.J. 1935)). The nature and character of the corporation is evaluated by "the powers and characteristics imposed upon it by the law of the state of its incorporation." *In re Grace*, 287 B.R. at 355. In the present case, the information pertaining to Mesa Ridge's powers and characteristics is contained in its Articles of Organization that are filed with the Office of the Secretary of State of Texas. Mesa Ridge is listed in its filing with the State of Texas as a limited liability corporation which is designated as a CHDO. *See* MAEDC Exhibit B. MAEDC's filing with the State of Texas lists it as a non-profit, § 501(c)(3) charitable organization. *See* MAEDC Exhibit C. The nature and character analysis suggests Mesa Ridge and MAEDC are not "moneyed, business, or commercial corporations."

*Corporate Activity*

The next step in the determination is to consider what activities the corporation actually performs. *In re Grace* 287 B.R. at 255 (citing *e.g.*, *Missco Homestead Ass'n v. U.S.*, 185 F.2d 280, 282 (8th Cir. 1950); *Hoile v. Unity Life Insurance Co.*, 136 F.2d 133, 136 (4th Cir. 1943); *In*

re *Roumanian Workers Educ. Ass'n of America*, 108 F.2d 782, 783 (6th Cir. 1940); *In re Supreme Lodge of the Masons Annuity*, 286 F. 180, 184 (N.D.Ga. 1923); and *In re Int'l Underwriters, Inc.*, 157 F.Supp. 367, 368 (W.D.Mo. 1957)). This second step is required because courts have held that state law organization or registration as [a] non-profit corporation is not decisive. *See, e.g., In re Capital Hill Healthcare Group*, 242 B.R. 199, 202 (D.C. 1999). Therefore, the court must consider the activity in which the corporation is actually engaged.

In the present case, Mesa Ridge's activity consists solely of running a single low income apartment complex with the intention of adding stability to the community. *See* MAEDC Exhibit A (Affidavit of Erma J. Dodd). In addition, Mesa Ridge performs all its activities subject to the regulation of the Secretary of Housing and Urban Development. *Id*. HUD's regulations include provisions that help determine rent (usually below market standards), requiring approval before any raises in rent occur, and mandatory limited lease lengths. *Id*. These activities are contrary to the actions of a for-profit business or commercial corporation.

The decision of the Sixth Circuit in *In re Roumanian Workers Educ. Ass'n of America*, 108 F.2d 782 (6th Cir. 1940), which the Petitioning Creditors argue supports their position, is distinguishable because the corporation in that case devoted 90% of its time to for-profit activities. Mesa Ridge is solely devoted to one non-profit apartment complex project. The Petitioning Creditors also rely on *Missco Homestead Ass'n, Inc. v. U.S.*, 185 F.2d 280, 282 (8th Cir. 1950), in which a homestead association that was formed under the laws of Arkansas governing the formation of benevolent corporations was found to be a moneyed business or commercial corporation for the purposes of § 303(a). However, this case is distinguishable because the homestead association had authorization to become involved in "practically any

business activity," and at the first meeting of its board of directors it passed by-laws which provided for the determination and distribution of profits. *Id*. at 281. Mesa Ridge has limited authority under HUD regulations to engage in certain activities, any profits generated must go to MAEDC and MAEDC, through § 501(c)(3) constraints, can only be involved in charitable activities. The activities of both corporations show that Mesa Ridge and MAEDC are not "moneyed, business, or commercial corporations."

The Petitioning Creditors rely upon Black's Law Dictionary and the definition of "commerce" in determining whether an entity is a "moneyed, business, or commercial corporation." Black's defines "commerce" as "the exchange of goods, productions, or property of any kind; the buying, selling, and exchanging of articles." BLACK'S LAW DICTIONARY 244 (5th ed. 1979). The Petitioning Creditors argue that if a corporation is engaged in "commerce", then it is a commercial corporation and may be the subject to an involuntary petition filed under § 303(a).

However, it is clear from the case law that participation in commercial activity, by itself, does not make a non-profit corporation a "moneyed, business, or commercial corporation." *See Grace Christian Ministries,* 287 B.R. at 357 ("It is a *non sequitur* to conclude that a corporation is a "moneyed, business, or commercial corporation" merely because it charges and is paid a fee for its services."). If the Petitioning Creditors' position is correct, one might wonder what charity or non-profit would not be considered a moneyed business or commercial corporation? The extreme rule proposed by the Petitioning Creditors would write virtually all non-profit, charitable organizations out of the involuntary exclusion. The better solution is to allow courts to consider the issue on a case by case basis. This Court finds that, under the facts of the instant case, Mesa

Ridge and MAEDC are not "moneyed, business, or commercial corporations."

*Policy Considerations*

Courts must apply the plain meaning of the statute to the facts of a case. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Such application leads to the conclusion that the present Debtor is not subject to an involuntary bankruptcy petition. However, the policy ambitions of § 303(a), when considered, lead to the same conclusion. "The legislative history of this provision indicates that 'schools, churches, *charitable organizations* and foundations' are protected from involuntary bankruptcy by § 303(a)." *Grace Christian Ministries*, 287 B.R. at 355 (emphasis added) (citing *see* H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 321 (1977); S.Rep. No. 95-989, 95th Cong., 2d Sess. 33 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6277, 6278, 5787, 5819). MAEDC is a § 501(c)(3) charitable organization. Mesa Ridge's sole member is MAEDC; and therefore, is run in large part as a § 501(c)(3) organization. The policy behind § 303(a) applies to both corporations and supports categorizing both corporations as protected from involuntary bankruptcy.

**IV.    CONCLUSION**

A non-profit charitable organization that participates in commercial activity is not considered a "moneyed, business, or commercial corporation" within the meaning of § 303(a), simply by participation in such activity, but must be evaluated based upon the nature and character of its organization and the activity in which it actually engages. Based on the summary judgment evidence before the Court, MAEDC Mesa Ridge, LLC is not a "moneyed, business, or commercial corporation" under § 303(a), as a matter of law, and may not be the subject of an

involuntary petition in bankruptcy. MAEDC Mesa Ridge LLC's Motion For Summary Judgment will therefore be granted.

The Court will enter a separate order consistent with this decision.

### END OF OPINION ###